1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                        SAN JOSE DIVISION

9   Seta Vartkessian,                     NO. C 09-02319 JW

10              Plaintiff,                 **ORDER GRANTING DEFENDANT'S**
                                          **MOTION TO DISMISS WITH**
11      v.                                 **PREJUDICE**

    Stanford Hospital And Clinics,
12
                Defendant.
13   _____/

14                        **I.  INTRODUCTION**

15      Seta Vartkessian ("Plaintiff") brings this action against Stanford Hospital And Clinics

16  ("Defendant"), alleging violations of section 502(a)(3) of the Employee Retirement Income Security

17  Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3).  Plaintiff alleges that Defendant failed to notify

18  Plaintiff of an insurance company's approval of her request for increase in death benefits and failed

19  to deduct higher premium payments for Plaintiff's policy.

20      Presently before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended

21  Complaint.  (hereafter, "Motion," Docket Item No. 12.)  The Court finds it appropriate to take the

22  matter under submission without oral argument.  See Civ. L.R. 7-1(b).  Based on the papers

23  submitted to date, the Court GRANTS Defendant's Motion to Dismiss with prejudice.

24                        **II.  BACKGROUND**

25      In a First Amended Complaint filed on July 28, 2009, Plaintiff alleges as follows:

26          Plaintiff is a female adult, permanently employed in nursing capacities by Defendant

27      from 1991 to present.  (First Amended Complaint ¶¶ 1, 6, hereafter, "FAC," Docket Item No.

28      10.)  Defendant is a California corporation, located in Santa Clara County, California,

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

engaged in the business of providing health care.  (Id. ¶ 2.)  In or about the mid-1990s, Plaintiff, as part of her employee benefits plan with Defendant, obtained term life insurance for her husband for $10,000 in death benefits.  (Id. ¶ 7.)  During 2004, Defendant informed Plaintiff that she was eligible for an increase in the policy limit up to $80,000.  (Id. ¶ 8.) Defendant helped Plaintiff apply for an increase in the death benefits and submitted her application to the insurance company Hartford.  (Id. ¶ 8.)  In November 2004, Defendant received a written notice from Hartford that Hartford approved the $80,000 increase in death benefits under Plaintiff's policy.  (Id. ¶ 9.)  However, due to a clerical error by Defendant's human resources staff, Defendant failed to notify Plaintiff of Hartford's approval, and failed to implement the increase by deducting higher premium payments for the insurance policy from Plaintiff's gross pay.  (Id. ¶ 9.)

In or about April 2007, Plaintiff noticed that her policy for death benefits remained at $10,000.  (FAC ¶ 10.)  Plaintiff asked Defendant about the incident and Defendant concealed its clerical error by misstating to Plaintiff that her application had never been acted upon by Hartford.  (Id.)  Defendant advised Plaintiff that her only recourse was to reapply for benefit increase of up to $200,000 from Liberty, the company that replaced Hartford as the insurer of Plaintiff's policy.  (Id.)  Defendant did not advise Plaintiff that an application to increase the benefits would likely be subject to a more exacting and critical review than an application to increase the benefits by $80,000.  (Id.)

In or about June 2007, Plaintiff applied directly to Liberty to increase the death benefits under her policy to $200,000.  (FAC ¶ 11.)  On or about December 31, 2007, Liberty denied Plaintiff's application due to Plaintiff's unfamiliarity with the application process and misunderstanding of medical information that Plaintiff submitted on behalf of her husband. (Id. ¶ 12.)  In January 2008, Metlife replaced Liberty as the insurer for Plaintiff's policy and Plaintiff reapplied to Metlife to increase the benefits under her policy to $200,000.  (Id. ¶ 13.)  However, because of a two-month moratorium for new insurers on policy amendments, Plaintiff's application would not be considered until March 1, 2008.  (Id.)  Plaintiff's

2

1    husband died on February 10, 2008.  (Id.)  Metlife tendered $10,000 in death benefits to

2    Plaintiff.  (Id.)

3         On the basis of the allegations outlined above, Plaintiff alleges six causes of action under

4    section 502(a)(3) of ERISA: (1) negligent breach of fiduciary duty; (2) fraud in breach of fiduciary

5    duty; (3) constructive fraud in breach of fiduciary duty; (4) negligent misrepresentation in breach of

6    fiduciary duty; (5) fraudulent concealment in breach of fiduciary duty; and (6) constructive fraud in

7    breach of fiduciary duty.[1]

8         Presently before the Court is Defendant's Motion to Dismiss.

9                                    **III.  STANDARDS**

10        Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against

11   a defendant for failure to state a claim upon which relief may be granted against that defendant.

12   Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient

13   facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

14   (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984).

15   For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the

16   complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v.

17   City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  Any existing ambiguities must be resolved

18   in favor of the pleading.  Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

19        However, mere conclusions couched in factual allegations are not sufficient to state a cause

20   of action.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845

21   F.2d 802, 810 (9th Cir. 1988).  The complaint must plead "enough facts to state a claim for relief

22   that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is

23   plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

24   reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129

25   S. Ct. 1937, 1949 (2009).  Thus, "for a complaint to survive a motion to dismiss, the non-conclusory

26

27        [1]  Plaintiff's Third and Sixth Causes of Action are identical.

28                                            3

United States District Court
For the Northern District of California

'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## IV.  DISCUSSION

Defendant moves to dismiss Plaintiff's Amended Complaint on the ground that each of Plaintiff's claims for relief improperly seek monetary relief under section 502(a)(3) of ERISA because (1) the requested relief for net loss of death benefits is not equitable relief under section 502(a)(3); and (2) there is no identifiable property within Defendant's possession to restore to Plaintiff as equitable relief.  (Motion at 2.)

**A.**     **Requirements to Establish an Action for Equitable Relief under ERISA**

At issue is whether Plaintiff has sufficiently alleged facts to establish an action for equitable relief under ERISA.

Section 502(a)(3) of ERISA provides that a civil action may be brought:

> by a participant, beneficiary or fiduciary (B) to obtain other appropriate equitable relief (i) to redress such violations, or (ii) to enforce any provisions of this subchapter of the terms of the plan.

29 U.S.C. § 1132(a)(3).

To establish an action for equitable relief under section 502(a)(3) of ERISA, a plaintiff must allege that a defendant is (1) an ERISA fiduciary (2) acting in a fiduciary capacity, and (3) who violated his or her ERISA-imposed fiduciary obligations.  Varity Corp. v. Howe, 516 U.S. 489, 498, 506 (1996).  Under ERISA § 3(21)(A), a "person is a fiduciary with respect to a plan," and subject to ERISA fiduciary duties "to the extent" that he or she "exercises any discretionary authority or discretionary control respecting management" of the plan, or "has any discretionary authority or discretionary responsibility in the administration" of the plan.  Varity Corp., 516 U.S. at 498; 29 U.S.C. § 1002(21)(A).  Under ERISA § 3(16), an employer could also be the default plan administrator.  Id.; 29 U.S.C. § 1002(16).  ERISA § 404(a) requires a "fiduciary" to "discharge his

4

1  duties with respect to a plan solely in the interest of the participants and beneficiaries."  29 U.S.C. §

2  1104(a)(1); <u>Varity Corp.</u>, 516 U.S. at 506.

3       In this case, as alleged, Defendant is Plaintiff's employer and the administrator of Plaintiff's

4  employee benefits plan which includes an option for a life insurance policy for her spouse.  (FAC ¶

5  3.)  Defendant acted as an ERISA fiduciary when Defendant allegedly failed to notify Plaintiff of

6  Hartford's approval of Plaintiff's application for increase in death benefits, and failed to implement

7  the increase by deducting higher premium payments for the insurance policy from Plaintiff's gross

8  pay.  (<u>Id.</u> ¶ 9.)  Thus, the Court finds that Plaintiff has sufficiently alleged that Defendant is an

9  ERISA fiduciary, acting in a fiduciary capacity under section 502(a)(3), and Defendant's actions, if

10  proven true, may violate ERISA-imposed fiduciary obligations.

11  **B.**    **<u>Available Equitable Relief under ERISA</u>**

12       Having found that the Complaint sufficiently alleges that Defendant acted as an ERISA

13  fiduciary, the issue becomes whether Plaintiff's prayer of relief is "equitable relief" as required

14  under section 502(a)(3) of ERISA.

15       The term equitable relief, as it is used in section 502(a)(3), is limited to forms of relief "that

16  were typically available in equity (such as injunction, mandamus, and restitution, but not

17  compensatory damages)."  <u>Mertens v. Hewitt Assocs.</u>, 508 U.S. 248, 256 (1993); <u>see also</u> <u>Watkins v.</u>

18  <u>Westinghouse Hanford Co.</u>, 12 F.3d 1517, 1527 (9th Cir. 1993).   "When the substance of the relief

19  is monetary . . . such a remedy is not available" under section 502(a)(3).  <u>FMC Med. Plan v. Owens</u>,

20  122 F.3d 1258, 1262 (9th Cir. 1997).  The forms of restitution available under section 502(a)(3)

21  include a constructive trust or equitable lien, and restoring the particular funds or property in the

22  defendant's possession to the plaintiff.  <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534 U.S.

23  204, 213-14 (2002).  Restitution, in contrast to damages, is a remedy commonly ordered in equity

24  cases.  <u>Id.</u> at 215.  It is a "well-settled principle that restitution is 'not an exclusively equitable

25  remedy,' and whether it is legal or equitable in a particular case (and hence whether it is authorized

26  by § 502(a)(3)) remains dependent on the nature of the relief sought."  <u>Id.</u>

27

28

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1    Here, Plaintiff has conceded that restitution is not an available remedy under the facts alleged

2 in this case; that is, there is no specific res or fund in Defendant's hands corresponding to the

3 foregone life insurance proceeds that might be restored to Plaintiff.[2]  However, Plaintiff attempts to

4 show that she has equitable relief available under section 502(a)(3) in the form of reinstatement and

5 the equitable doctrine of contract reformation.  (Opposition at 2.)  Plaintiff contends that she is

6 seeking reformation of her insurance policy by substituting Defendant as the insurer in the place of

7 the originally named insurance company.  Id.  While Plaintiff is correct that her Amended Complaint

8 only invokes restitution illustrative, not precluding her from seeking other forms of equitable relief,

9 the Court finds that the remedies of reinstatement and contract reformation are not proper because

10 Plaintiff is not entitled to such relief under the circumstances in this case.  (FAC ¶ 18.)

11    Plaintiff relies on Mathews v. Chevron Corp. to support the contention that she is entitled to

12 reinstatement and reformation.  362 F.3d 1172, 1185-97 (9th Cir. 2004).  In Mathews, the plaintiffs,

13 after being involuntary terminated from their job, did not qualify for a benefits plan because the

14 defendant's general manager failed to implement the plan.  Id. at 1178.  The Ninth Circuit found that

15 the district court's remedy, ordering defendant to modify the plan records to reinstate the plaintiffs

16 retroactively in the plan, was a remedy that is "equitable in substance."  Id. at 1186.  Thus, while

17 reinstatement is a traditionally equitable remedy,[3] Plaintiff here does not seek the type of

18 reinstatement that was at issue in Mathews.  Plaintiff is Defendant's employee, has not been

19 terminated from her job, and still has an employee benefits plan with Defendant.  Reinstatement of

20 Plaintiff into the $200,000 death benefits policy with Metlife is not proper because Plaintiff has

21 already received the death benefits under that policy.

22    Additionally, contract reformation is an equitable remedy where "one party is mistaken on

23 the terms or effect of a contract and the other party knows or suspects that the mistaken belief

24 existed at the time the contract was executed."  Connick v. Teachers Ins. & Annuity Ass'n, 784 F.2d

25

26    [2] (Plaintiff's Opposition to Defendant's Motion to Dismiss at 1, hereafter, "Opposition," Docket Item No. 13.)

27    [3] Varity Corp., 516 U.S. at 495.

28

6

1   1018 (9th Cir. 1986).  Here, the contract at issue is between Plaintiff and the insurance company,

2   and not Plaintiff and Defendant.  No reformation of the policy is available because there is no

3   showing that a mistake existed between Plaintiff and the insurance company at the formation of the

4   contract.  Accordingly, the Court finds that contract reformation is not the proper remedy in this

5   case.

6        The Court finds that Plaintiff has failed to state a claim under section 502(a)(3) of ERISA

7   because no remedy in equity is available under the allegations of this case.  Accordingly, the Court

8   GRANTS Defendant's Motion to Dismiss.

9   **C.    Leave to Amend**

10       At issue is whether Plaintiff should be granted leave to amend her Complaint.

11       Leave to amend under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires."

12   Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983).  "This policy is to be applied with

13   extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003);

14   Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).  However, leave to

15   amend may be denied when "it is clear that amendment would be futile" and "the deficiencies of the

16   complaint could not be cured by amendment."  Cabo Distrib. Co., Inc. V. Brady, 821 F. Supp. 601,

17   608 (N.D. Cal. 1992) (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); see also Lopez v.

18   Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  A court's discretion to deny leave to amend "is

19   particularly broad where the plaintiff has previously filed an amended complaint."  Turner v. County

20   of Los Angeles, 2001 WL 1019976 (9th Cir. 2001).

21       Here, on July 8, 2009, the Court ordered Plaintiff to file her First Amended Complaint after

22   Plaintiff conceded that her state law claims are preempted under ERISA and the parties agreed that

23   Plaintiff should be granted leave to amend to try to state a claim under ERISA.  (See Order Granting

24   Defendant's Motion to Dismiss with Leave to Amend, Docket Item No. 9.)  However, as discussed

25   in this Order, Plaintiff has failed to allege a claim under ERISA.  Based on the remedies sought by

26   Plaintiff, the Court finds that any further amendment would be futile.  Accordingly, the Court

27   GRANTS Defendant's Motion to Dismiss with prejudice.

28                                                7

United States District Court

For the Northern District of California

# V.  CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss with prejudice.  Judgment shall be entered accordingly.

Dated:  November 3, 2009

_____
JAMES WARE
United States District Judge

United States District Court

For the Northern District of California

8

1

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2

Michael Alan Laurenson mlaurenson@gordonrees.com

Michael Edward Adams equitist@earthlink.net

3

Tad A. Devlin tdevlin@gordonrees.com

4

5

**Dated:  November 3, 2009**                    **Richard W. Wieking, Clerk**

6

7                    **By:    /s/ JW Chambers                    **

**Elizabeth Garcia**

8                    **Courtroom Deputy**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

9